IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GABE LOCKETT CULLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:13-CV-8 (MTT) |
| | : | |
| Officer DESCOTEAUX, | : | |
| | : | |
| Defendant. | : | |

_____

### ORDER AND RECOMMENDATION

Plaintiff GABE LOCKETT CULLER, who is presently involuntarily civilly confined at Central State Hospital in Milledgeville, Georgia,[1] has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[2] Additionally, Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it

---

[1] The Court has authority to take judicial notice of its own records. *United States v. Rey*, 811 F.2d 1143, 1147 n.5 (11th Cir. 1987). Details of Plaintiff's current confinement can be found in *Culler v. Cent. State Hosp.*, 5:11-CV-493 (CAR). Plaintiff was involuntarily civilly confined at Central State Hospital from 1993 to 1998, when he was conditionally released. He violated the conditions of his release in 2003 and was readmitted to Central State Hospital. He was conditionally released again and sent to intensive training at River Edge Community Health Center. He absconded from River Edge Community Health Center on October 7, 2009. He was arrested for stealing a motorized shopping cart from a grocery store in June 2011. He was returned to Central State Hospital on July 27, 2011. On March 29, 2012, the Bibb County Superior Court issued an Order of Continued Civil Commitment.

[2] 28 U.S.C. § 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Therefore, even if a prisoner is allowed to proceed *in forma pauperis*, the Court still requires that the full filing fee be deducted from his prisoner trust account when funds become available. However, the Eleventh Circuit has held that the full payment provision of the Prisoner Litigation Reform Act does not apply to civil detainees. Therefore, the Undersigned has not included the usual deduction language. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby GRANTED.

## STANDARD OF REVIEW

Despite Plaintiff's non-prisoner status, the Court is required to conduct an initial screening to determine whether the complaint is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include enough factual matter (taken as true) to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that [f]actual allegations must be enough to raise a right to relief above the speculative level, and that the complaint must contain something more . . . than a statement of facts that merely creates a suspicion [of] a legally cognizable right of action) (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

### STATEMENT AND ANALYSIS OF CLAIMS

The Undersigned notes that Plaintiff's complaint is difficult to decipher. However, it appears that in June 2011, Officer Descoteaux arrested Plaintiff and charged him with theft by taking. Plaintiff claims that Officer Descoteaux assaulted him during the arrest. (Compl. Ex. 1 at 1-2, ECF No. 1-1.) He states that Officer Descoteaux twisted his left arm and slammed him into the trunk of the police car. According to Plaintiff, his left shoulder and neck were both permanently injured. (Compl. Ex. 1 at 4.) Plaintiff seems to state that at least some of this physical assault occurred while he was handcuffed.

Plaintiff also claims that he was not read his rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). (Compl. Ex. 1 at 4.)

Plaintiff seeks damages and to be released from involuntary civil commitment.

First, release from confinement is not a remedy that is available in a 42 U.S.C. § 1983 action. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Therefore, it is

**RECOMMENDED** that Plaintiff's request for release from confinement be **DISMISSED** from this action. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

Moreover Plaintiff may not recover damages for the alleged violation of his Fifth and Fourteenth Amendment rights. To the extent that criminal charges for theft by taking are still pending against Plaintiff, the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), requires that his Court abstain from exercising jurisdiction in order to avoid interfering with the pending state-level criminal proceedings.

In *Younger*, the Supreme Court determined that state criminal proceedings offered a sufficient forum for the plaintiff to raise his constitutional defense, abstained from hearing the plaintiff's claim, and stated the general rule that a federal district court must normally refrain from enjoining pending criminal state proceedings. *See Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009); *see Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (explaining that "[t]he propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, subject, of course, to review by certiorari or appeal in [the Supreme Court], or, in a proper case, on federal habeas corpus." (internal citation omitted)). In *Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985), the Eleventh Circuit extended the *Younger* doctrine to § 1983 actions in which the plaintiff seeks monetary damages. *Id.* at 1406.

In this case, Plaintiff's claim that he was not advised of his *Miranda* rights calls into question the admissibility of evidence; i.e., any statement that he might have made,

4

underlying his present state court criminal prosecution. Any ruling by this Court regarding the matter could substantially interfere with the results reached in the state court proceedings. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether *Younger* abstention is appropriate). Additionally, the alleged violation at issue here can adequately be addressed in Plaintiff's state court criminal proceeding, or in any appeal thereafter in the appropriate Georgia appellate court. Finally, Plaintiff's allegations provide no indication of irreparable injury, which the hardships associated with having to defend against a criminal prosecution fail to establish as a matter of law. *Younger*, 401 U.S. at 47.

In sum, it is apparent in this case that *Younger* abstention is appropriate for this particular claim in Plaintiff's complaint and the claim should be dismissed without prejudice. *See Jackson v. Georgia*, 273 F. App'x 812 (11th Cir. 2008) (affirming sua sponte dismissal pursuant to 28 U.S.C. § 1915A due to *Younger* abstention); *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the *Younger* doctrine is without prejudice, and does not preclude later re-filing of the complaint")[3].

It is therefore **RECOMMENDED** that Plaintiff's claim that he was not advised of his *Miranda* rights be **DISMISSED** without prejudice from this action. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation

---

[3] "Unpublished opinions are not considered binding authority, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

5

with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

At this stage in the litigation, the Undersigned will allow to go forward Plaintiff's claim that Officer Descoteaux violated his Eighth Amendment rights when he used excessive force during Plaintiff's arrest.

It is hereby **ORDERED** that service be made against this Defendant and he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  **Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

## ORDER FOR SERVICE

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the

Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal

of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the

absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

SO ORDERED and RECOMMENDED, this 23rd day of January, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE