IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GABE LOCKETT CULLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:13-CV-8 (MTT) |
| | : | |
| Officer DESCOTEAUX, | : | |
| | : | |
| Defendant. | : | |

_____

# REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant's motion for summary judgment (ECF No. 22). Although ordered to respond to Defendant's motion, Plaintiff has failed to respond as of the date of this Recommendation. For the reasons explained below, it is recommended that Defendant's motion be granted.

## BACKGROUND

As of the time of filing of his Complaint, Plaintiff was involuntarily civilly confined at Central State Hospital in Milledgeville, Georgia.[1] It appears from the Complaint that in June 2011, Officer Descoteaux arrested Plaintiff and charged him with theft by taking. Plaintiff claims that Officer Descoteaux assaulted him during the arrest. (Compl. Ex. 1 at 1-2, ECF No. 1-1.) He states that Officer Descoteaux twisted his left arm and slammed him into the trunk of the police car. According to Plaintiff, his left shoulder and neck were

---

[1] Details of Plaintiff's current confinement can be found in *Culler v. Cent. State Hosp.*, 5:11-CV-493 (CAR). *See United States v. Rey*, 811 F.2d 1143, 1147 n.5 (11th Cir. 1987) (explaining that the Court has authority to take judicial notice of its own records).

both permanently injured.  (Compl. Ex. 1 at 4.)   Plaintiff seems to state that at least some of this physical assault occurred while he was handcuffed.

After a preliminary review of Plaintiff's Complaint, only Plaintiff's Fourth Amendment claim against Officer Descoteaux for excessive force during his arrest was allowed to proceed.  Officer Descoteaux has moved for summary judgment in both his official and individual capacities claiming failure to state a claim and qualified immunity. Plaintiff failed to respond to the motion and it is now ripe for review.

## DISCUSSION

### I.     Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

### II.    Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on Plaintiff's Fourth Amendment claim of excessive force during Plaintiff's arrest.   Defendant asserts that any claims against him in his official capacity should be dismissed because Plaintiff has failed to allege any policy or

custom that caused the alleged excessive force. Likewise, Defendant claims that he is entitled to qualified immunity for the claims against him in his individual capacity such that summary judgment is appropriate.

    A.    <u>Official Capacity</u>

To the extent that Plaintiff may have been attempting to a bring claim against Defendant Descoteaux in his official capacity, Defendant states that Plaintiff has failed to state a claim for such relief. Specifically, he contends that Plaintiff failed to allege that a policy or custom of the City of Macon, Georgia resulted in any constitutional deprivation. The Court agrees.

When he arrested Plaintiff, Defendant was working as a police officer for the city of Macon, Georgia. (Descoteaux Aff. ¶ 2, Aug. 26, 2013, ECF No. 22-3.) Any claim against Defendant in his official capacity is a claim against his employer—Macon, Georgia. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("[S]uits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents."). "A municipality may not be held liable under section 1983 on a theory of respondeat superior." *Snow ex rel. Snow v. City of Citronelle, AL*, 420 F.3d 1262, 1270 (11th Cir. 2005) (citation omitted). Instead, to state a claim under § 1983 as against a municipality, a plaintiff must allege that the "execution of a government's policy or custom" inflicted an injury on the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Additionally, "there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Snow*, 420 F.3d at 1271 (internal quotation marks and citation omitted).

Plaintiff has failed to allege, much less offer any evidence, that Macon had a policy, custom, or practice of officers using excessive force during arrests.  Plaintiff merely alleges in a conclusory fashion that there were "police force[] brutalit[ies.]"  (Compl. Ex. 1 at 1-2.)  This is insufficient to state a claim for municipal liability under § 1983.  Defendant's motion for summary judgment on his official capacity claims should therefore be granted.

B.     Individual Capacity

Defendant contends that Plaintiff's claims against him in his individual capacity should be dismissed because he is entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."  *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted).  "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law."  *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred."  *Id.*  Once the defendant shows that he was acting within his discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does

not apply.  *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004).  It is undisputed in this case that Defendant was acting within his discretionary authority in arresting Plaintiff. Because that determination is made, the burden then shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation."  *Anderson*, 501 F. App'x at 916 (citation omitted).[2] The Court therefore must determine whether the Plaintiff has sufficiently shown that the Defendant's conduct violated a constitutional right and whether that right is clearly established.  Plaintiff has failed to meet that burden here.

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest."  *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002).  "In order to determine whether the amount of force used by a police officer was proper, a court must ask whether a reasonable officer would believe that this level of force was necessary in the situation at hand."  *Id.* (internal quotation marks and citation omitted); *see also Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.").  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  *Graham*, 490 U.S. at

---

[2] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first.  *McCullough*, 559 F.3d at 1205.

396 (internal quotation marks and citation omitted).  To the contrary, "a police officer is entitled to use some force to arrest a suspect, [and] the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment."  *Myers v. Bowman*, 713 F.3d 1319, 1327 (11th Cir. 2013) (internal quotation marks and citation omitted); *see also Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003) ("[S]ome use of force by a police officer when making a custodial arrest is necessary and altogether lawful, regardless of the severity of the alleged offense.").

Plaintiff's Complaint is hard to decipher.  He alleges "police forced brutalitys; police assaultant brutalitys; brutalitys under colors of the law; misconductual brutalitys under colors of the law; brutalitys by force while handcuffed under colors of the law[.]"[3] (Compl. Ex. 1 at 1-2.)   For injuries, he states that he has "permanently left shoulder benign hypertherpy and cervical disc neck fractured disease brutalities; physical permanent injuries therapist[,]" as a result of "brutalities excessive force assault[.]"  (*Id.* at 2.)  His only semi-factual allegations are:

> Descoteaux arrival and twisting of left arm behind the back to permanent injuries; also being thrown into the back of the police cruiser by stating of unnecessary excessive forces brutalities assultant battery and reslamming into the truck of police cruiser and hearing several snaps in the arm and cervical (neck) even after I . . . tell Officer Descoteaux that he did not have to use excessive force brutality assault after the handcuffing and the handcuffs were to tight on . . . plaintiff wrists and it was total brutalities and misconduct under color of law[.]

(*Id.* at 4-5.)

Defendant has submitted uncontested evidence that shows that in arresting Plaintiff,

---

[3] All misspellings are original to the Complaint.

Defendant Descoteaux had to "grab [Plaintiff's] arms and place them behind [Plainitff's] back." (Descoteaux Aff. ¶ 10; *see also* Hilton Aff. ¶ 11, Aug. 22, 2013, ECF No. 22-4; Wood Aff. ¶ 8, Aug. 23, 2013, ECF No. 22-5.) Other than grabbing Plaintiff's arms to place him in handcuffs, Defendant did not use any other force against Plaintiff. (Descoteaux Aff. ¶ 11; *see also* Hilton Aff. ¶ 12; Wood Aff. ¶ 9.) Defendant did not "push or shove [Plaintiff], and did not push or shove him into [the] patrol car." (Descoteaux Aff. ¶ 12.) No force was used on Plaintiff to get him into the patrol car. (Descoteaux Aff. ¶ 12; Hilton Aff. ¶ 12; Wood Aff. ¶ 9.) When Plaintiff arrived at Bibb County Jail, he was examined for serious injuries because jail policy requires that arrestees be taken to receive medical treatment prior to being incarcerated. (Descoteaux Aff. ¶ 16; Scarbary Aff. Ex. 1 at 5-6.) Plaintiff was allowed to remain at the jail. (Descoteaux Aff. ¶17.)

The force used against Plaintiff during his arrest—grabbing Plaintiff's arms and pulling them behind him in order to handcuff him—is the type of de minimis force that has been found to be lawful. For example, in *Durruthy*, the Eleventh Circuit found that "forcing [the plaintiff] to the ground and placing him in handuffs" was de minimus force. 351 F.3d at 1094. Likewise, in *Nolin v. Isbell*, the court held the use of force to be de minimus when the officer "grabbed [the plaintiff] from behind by the shoulder and wrist, threw him against a van three or four feet away, kneed him in the back and pushed his head into the side of the van, searched his groin area in an uncomfortable manner, and handcuffed him." 207 F.3d 1253, 1255-58 (11th Cir. 2000). The amount of force used against Plaintiff is less than that used in either *Durruthy* or *Nolin* and is de minimis. Consequently, Plaintiff has failed to establish a Fourth Amendment excessive force claim,

*see, e.g., Myers*, 713 F.3d at 1327 (explaining that the use of de minimis force, without more, is not excessive force), and Defendant is entitled to qualified immunity. Defendant's motion for summary judgment should therefore be granted.

## CONCLUSION

For the reasons explained above, Defendant's motion for summary judgment (ECF No. 22) should be granted.  Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 21st day of August, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE